# Allison v. The State.

### Indictment against Defaulting Overseer of Public Road.

1. *Appointment of overseer of public road; infancy as disqualification.*—The appointment of a person, who is at the time under twenty-one years of age, as an overseer of a public road (Code of 1876, § 1632), is not void: his minority is a personal exemption, which he may either claim or waive.

2. *Excuse or resignation of overseer.*—When a person has been regularly appointed as an overseer of a public road, and has been notified of his appointment, he can only relieve himself of the duties and responsibilities of the position, by rendering his excuse for not accepting, or for resigning after acceptance, in the manner prescribed by the statute (Code of 1876, § 1644).

FROM the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

The indictment in this case contained but a single count, which charged that the defendant, Charles Allen, "an overseer of a public road in said county, failed to discharge his duty as such overseer." The defendant pleaded his infancy at the time of the appointment, in bar of the indictment; to which the State replied, that he accepted and acted under the appointment. The defendant demurred to this replication, and the, overruling of his demurrer is the only matter now urged as error.

SNEDECOR & COCKRELL, for the defendant, contended that the appointment of an infant, as overseer of a public road, was a nullity : that the statute was imperative, and limited the power of appointment to persons between the ages of twenty-one and sixty.

JOHN W. A. SANFORD, Attorney-General, for the State. Infancy is a personal privilege, which may be either claimed or waived by the person appointed. After acceptance of the appointment, he can not be heard to set up his infancy, or other personal exemption, to avoid its duties and burdens, or to escape the penalties incurred by his negligence.—1 Bishop's Criminal Procedure, §§ 409–22.

STONE, J.—The indictment in this case was found at the Fall term, 1876. The offense charged must have been committed before that time. Hence, the act "to amend section 1323 of the Revised Code," approved December 7, 1876

[Allison v. The State.]

(Pamph. Acts, 93), has no bearing on this case.    That statute constitutes section 1632 of Code of 1876.

Section 1323 of the Revised Code directs, that "the court of county commissioners must, at its first term in every second year, . . appoint . . an overseer for each road precinct; such overseers must be between the ages of twenty-one and sixty years."

Section 1331: "The copy of the order appointing overseers must contain a description of his precinct and grade of the road, and be accompanied by a statement of the names of the apportioners of the election precinct or precincts through which any part of the road assigned him passes."

Section 1333: "The sheriff must, within thirty days after the delivery to him of such copies and statements, deliver a copy of each to the . . overseers, if practicable, and, if not, leave the same at their residence, and return the original, with his indorsement of service, to the judge of probate."

Section 1334: "A service of the copy of such appoint-- ments and statements, although not made within the time prescribed, is valid from the time of service."

Section 1335–6: "Any person appointed . . overseer, may send his excuse for not accepting, or the reasons for resigning, which reasons must be stated, and must be sworn to."

Section 1337 provides, that "the judge of probate, with the concurrence of the court of county commissioners, may pass upon the sufficiency of such excuse or resignation; . . and if [they] shall consider such excuse or resignation insufficient, and such overseer shall neglect or refuse to act under his appointment, he shall be subject to indictment, and fined not less than twenty, nor more than fifty dollars, if found guilty."

The single question presented by this record arises as follows : The defendant pleaded, in bar of the prosecution, that he was under twenty-one years of age at the time of, and would be so under age during the whole term of his appointment.    The State replied, "that when the defendant was appointed overseer of said road, as mentioned in said indictment, he accepted said appointment, and that he continued to act as such overseer, until after the default charged in the indictment, without refusing to act as such overseer, or asking to be relieved of such appointment."    The Circuit Court overruled a demurrer to this replication.

We think the Circuit Court did not err in this ruling.    It is the manifest policy of the statute, that there shall, at all times, be overseers of the public roads.    That the appointee

was under twenty-one years of age, was a personal exemption to him, which he could assert or waive. It did not render the appointment void. The statute points out in what manner an appointed overseer may render his excuse for not accepting, or for resigning after he has accepted.—See Revised Code, §§ 1335–6. We hold, in view of the public welfare, that this is the only mode by which an overseer of a public road, who has been regularly appointed and notified, can relieve himself of the duties and responsibilities of the position. But this case is even stronger than this. The replication charges that the defendant accepted the appointment, and acted under it, until the indictment was found. He thus prevented a vacancy, and the appointment of another in his stead. He must be held to have waived his right of exemption.

The judgment is affirmed.